

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-6-2005

# North v. White

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3480

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"North v. White" (2005). *2005 Decisions.* Paper 448.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/448

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-359                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3480
_____

ROBERT NORTH; BRIAN TURK; HAO ZHU ZHU; MIN HU;
JEFF HUNTER; MIKE RAMOS; JOHN FONTANES; MIKE GALLO; RAFAEL
GONZALEZ; HERBERT HAITHCOACH; WAYNE BRYCE; CECILIO
MCDONALD; WILLIAM FRANCISCO; CHARLES CAIN; SETH FERRANTI;
RONALD G. BAILEY-EL; JESUS TINEO;
ADRIAN WILLIAMS-EL SWEAREE; FRANKLIN MCNAIR; DARRYL J.
GLOVER; JOHNNY VALENTINE; STEVEN TAYLOR; CHRISTOPHER HINES;
CARLOS HERRERA; FLOYD PORTER; JESSE MCKINLEY CARTER, JR.;
HERMAN WOODEN

v.

KIM WHITE, Warden, FCI Fairton; FEDERAL BUREAU OF PRISONS;
FEDERAL CORRECTIONAL INSTITUTE, FAIRTON, N.J.,
UNITED STATES DEPARTMENT OF JUSTICE

Jesse McKinley Carter, Jr.,
Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 02-cv-03218)
District Judge: Honorable Jerome B. Simandle
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
September 9, 2005

Before: RENDELL, FISHER AND VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Filed: October 6, 2005)

_____

OPINION

_____

PER CURIAM

Jesse McKinley Carter, Jr., pro se, appeals an order of the United States District Court for the District of New Jersey dismissing his civil rights action pursuant to Federal Rules of Civil Procedure 56©.

The procedural history and factual background of this matter are well known to the parties and thus, we need only provide a summary here. Carter and another inmate, Robert North, filed a counseled Bivens complaint,[1] amended in April 2003 ("second amended complaint"), claiming that Warden Kim White, in her individual and official capacities, the Bureau of Prisons, Fairton-FCI, and the Department of Justice (collectively the "defendants") violated their Eighth Amendment rights by engaging in triple-bunking in the Special Housing Unit ("SHU") and in general population at FCI-Fairton. They alleged that triple-bunking resulted in increased tension and hostility among inmates, reduced medical attention, decreased safety and security caused by limitations in staffing, and a general reduction in the availability of services such as education, recreation, and vocational training. In addition to their claim of triple-bunking in the SHU, Carter and North also complained of other prison conditions in the SHU, namely the use of opaque

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bur. Of Narcotics, 403 U.S. 388 (1971).

2

window coverings that obstructed the inmates' view of the outdoors, and the lack of radios in SHU cells. They alleged that the requirement that inmates reside in the SHU for at least eighteen months before they could be transferred to another institution violated Due Process. They sought injunctive relief and damages.

The District Court sua sponte dismissed the Fifth Amendment Due Process claim pursuant to 28 U.S.C. § 1915(e)(2)(B), but allowed the Eighth Amendment prison conditions claims to proceed. The defendants filed a joint motion for summary judgment. The District Court granting the summary judgment motion, holding that (1) Kim White was not properly served in her individual capacity; (2) Carter lacked standing to seek injunctive relief; (3) all of the defendants were immune from suit in their official capacities; (4) Carter failed to exhaust his administrative remedies as to all claims except the Eighth Amendment claim of triple-bunking; and (5) viewing the undisputed material facts in the light most favorable to Carter, the facts failed to establish an Eighth Amendment violation. By order entered July 29, 2004, the District Court granted summary judgment in the defendants' favor and dismissed the second amended complaint with prejudice. Carter timely appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Carter's appeal was terminated for failure to pay fees. He has filed a motion to reopen the appeal and supporting "notice", and a motion to proceed in forma pauperis. We grant both motions. Because the appeal lacks an arguable basis in law or fact, however, we will dismiss it

3

pursuant to § 1915(e)(2)(B)(I). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

After a thorough review of the record and for essentially the same reasons set forth by the District Court, we conclude that the Defendants were entitled to summary judgment on all of Carter's claims. All of the defendants are immune from suit in their official capacities. See 28 U.S.C. §§ 2679(a) & (b)(2). Warden White is the only defendant who is sued in her individual capacity. We agree with the District Court that Carter failed to show good cause for failing to properly serve Warden White in her individual capacity. However, even assuming that Warden White was properly served, and assuming that Carter has standing, we conclude that the District Court properly dismissed the Eighth Amendment triple-bunking claim pursuant to Rule 56©.

As the District Court correctly noted, a prison conditions claim rises to the level of an Eighth Amendment violation only where the allegedly poor conditions seriously deprived inmates of a basic human need such as food, clothing, shelter, medical care, and safety. See DeShanney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 199-200 (1989). Double or triple-bunking of cells, alone, is not per se unconstitutional. Union County Jail Inmates v. DiBuono, 713 F.2d 984, 1000 (3d Cir. 1983).

According to the undisputed facts, the temporary influx of inmates from Washington D.C. resulted in triple-bunking of inmates in one-third of the cells in each housing unit at FCI-Fairton. An independent corrections accrediting authority reviewed FCI-Fairton's conditions during the relevant time period, finding that staffing was

4

sufficient to handle the temporary conditions, environmental conditions were very good, the physical plant was very well maintained, and ventilation and light met the applicable standard. FCI-Fairton received high commendations for it sanitation, food service and food quality, and medical care. Notably, Carter did not allege that he was personally denied medical care, that he was denied rehabilitation or vocational services, or that he was physically harmed as a result of the temporary triple-bunking. Carter himself was exposed to triple-bunking for less than a month. Absent any personal deprivation or harm to him, Carter's general allegations of tension, stress, and fear of increased hostility and injury, given the totality of the circumstances, failed to constitute the kind of serious deprivation of basic human needs required to establish an Eighth Amendment violation. See Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997).

Likewise, assuming that Carter's other prison conditions claims are exhausted, the obstruction of Carter's view of the outdoors by opaque window coverings and the lack of radios in the SHU for the short period that he was housed in SHU fail to show that he has been deprived of "the minimal civilized measure of life's necessities" in violation of the Eighth Amendment. Id.

We have considered the remaining arguments Carter makes on appeal and find them to be meritless. This Court is required to dismiss an in forma pauperis appeal if it is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). An appeal is frivolous where none of the legal points is arguable on its merits. See Nietzke v. Williams, 490 U.S. 319, 325 (1989).

5

Carter has no arguable legal basis upon which to appeal the District Court's order. His appeal is therefore, frivolous and will be dismissed as such pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). Appellant's motions to reopen and to proceed in forma pauperis on appeal are granted. Appellee's motion to dismiss the appeal for failure to pay fees is denied.